## TAYLOR v. GRANGER.

No. 9228—Opinion Filed July 23, 1918.

(174 Pac. 234.)

### Indians—Agricultural Leases—Recovery of Realty.

An agricultural lease made by a full-blood Chickasaw Indian of his allotted lands executed April 13, 1912, to take effect January 1, 1914, is void, and such lease cannot be legally set up as a defense in an action for the recovery of the lands described in such lease.

(Syllabus by Collier, C.)

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Edward Granger against S. P. Taylor. Judgment for plaintiff, and defendant brings error. Affirmed.

Robert Wimbish and W. C. Duncan, for plaintiff in error.

W. E. Schulte, for defendant in error.

Opinion by COLLIER, C. In this action the defendant in error, hereafter styled plaintiff, brought an action against the plaintiff in error, hereafter styled defendant, to recover land described in the petition. The case was tried to the court upon the following agreement of facts:

Without waiving the right to move to strike and evidence agreed to on account

of its inadmissibility, the parties, plaintiff and defendant, agree to the following statement of facts, to be submitted to the court:

(1) It is agreed that the petition of the plaintiff was filed in this case on the 7th day of February, 1916, and that the defendant within due time filed a demurrer, which was overruled; and on the 13th day of June filed his answer herein, and that the plaintiff in due time filed reply traversing the matters set up in defendant's answer.

(2) That Esias Edwards was a duly enrolled member of the Chickasaw Tribe of Indians, enrolled opposite roll No. 403, and was full-blood. That he received as a part of his surplus allotment the following described lands: Lot 1 of section 5, township 3 north, and range 7 east, containing 39.64 acres, more or less, in Pontotoc county, Okla., being the land in controversy in this case, for which patent duly issued.

(3) That on the ____ day of _____, 1908, said Esias Edwards made, executed, and delivered an agricultural lease ending on the 31st day of December, 1913, to one Rogers, five-year lease. That said lease was never filed for record.

(4) That the defendant C. A. Slocum purchased an interest in said lease, an assignment thereof from January 1, 1912, until December 31, 1913. That on the 13th day of April, 1912, the defendant S. P. Taylor had actual notice of said lease, or knew of sufficient facts to have placed him upon inquiry of the claims of Slocum in and to the lands for the years 1912 and 1913. That thereafter, on the 13th day of April, 1912, said Esias Edwards made, executed, and delivered to the defendant S. P. Taylor a certain agricultural lease beginning on the 1st day of January, 1924, and ending on the 31st day of December, 1918, which said lease was filed in the office of the register of deeds on April 20, 1912, and is recorded in Misc'l Records, vol. 8, p. 308. That on or about the 1st day of January, 1914, the defendant S. P. Taylor took possession of said lands under said lease as landlord, and that the defendant C. A. Slocum is the tenant of the defendant S. P. Taylor, and that the defendants S. P. Taylor and C. A. Slocum have occupied and collected the rents on said lands for the years 1914 and 1915, and were in possession of said premises under said lease at all times since January, 1914, and are still in possession thereof.

(5) That the said defendant S. P. Taylor has paid the rents provided in said lease for the years 1914 and 1915, to Esias Edwards.

(6) That on the 10th day of September, 1914, the Secretary of the Interior of the United States of America made an order bearing the date of September 10, 1914, whereby the restrictions of said land aforesaid were removed; and thereafter said land above described was sold through the Agency of the United States Indian Department, and thereupon the defendant Edward Granger became the purchaser of said land. And on the 28th day of December, 1915, said Esias Edwards made, executed, and delivered to the plaintiff, Edward Granger, his warranty deed to the lands in controversy in this case.

The court took the cause under advisement, and thereafter made various findings of facts and conclusions of law, but we only deem it necessary to set out the following:

"The court finds that the plaintiff is the owner of the land sued for, and that it is the surplus allotment of Esias Edwards, a full-blood Chickasaw Indian, and the defendant S. P. Taylor is in possession of same through the tenant, C. A. Slocum.

"The defendant Taylor claims that he is in possession and has a right to retain possession by virtue of an agricultural lease executed on the 13th day of April, 1912, to begin on the 1st day of January, 1914, and ending five years thereafter.

"The only remaining question is, Had the allottee, Esias Edwards, the power to lease his land for a term of five years to begin some twenty months in the future, said lease having been executed on the 13th day of April, 1912, and to become operative on the 1st day of January, 1914? After a careful analysis of the authorities and act of Congress authorizing allottees to lease their lands for agricultural purposes, the court has reached the conclusion that he did not have the power, and that the lease to the defendant S. P. Taylor is void and of no effect. Therefore the court holds that the lease from Esias Edwards to the defendant S. P. Taylor is void, and that the said Taylor or his tenant, Slocum, has no right of possession to the lands, but that the plaintiff is the owner of same and has the right of possession."

To which findings of fact and conclusions of law by the court, the defendant excepted. Judgment was entered for the plaintiff for the land sued for and costs, to which the defendant duly excepted, and brings error to this court.

It is contended by the defendant:

(1) That the lease made in 1908 to one Rogers was null and void for the reason that it was not recorded until three months after its execution.

(2) That the filing of leases made by members of the Chickasaw Tribe depends upon the grants and acts of Congress governing same.

(3) If the allottee had a present right to the possession of the land, then he had a right to make a lease, to take effect in the future.

The first and second contentions of defendant are conceded by the plaintiff; therefore the determining question in this case is: Did the allottee, a member of the Chickasaw Tribe, have a right to lease said allotted lands for a period of five years, the lease to begin some twenty months after the execution of said lease?

We are of the opinion, and so hold, that a full-blood restricted Indian did not have the right to execute a binding agricultural lease of his allotted lands for a period of five years, to commence at a time twenty months after execution of the lease, and, the only defense to the action pleaded by the defendant being said void lease, the court did not err in rendering judgment for the plaintiff for the lands sued for. U. S. v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844; Rierdon v. Smith, 62 Okla. 48, 161 Pac. 798; Brown v. Van Pelt, 64 Okla. 109, 166 Pac. 102.

This cause is affirmed.

By the Court: It is so ordered.