## COLLINS v. LACKEY *et al.*

No. 1715.　Opinion Filed May 14, 1912.

(123 Pac. 1118.)

1.　SPECIFIC PERFORMANCE—Parol Contract—Possession—Statute of Frauds. Possession taken by a vendee under a parol contract for the conveyance of real estate, not taken in pursuance of the contract, or with the knowledge and consent of the vendor, is insufficient to relieve the contract of the operation of the statute of frauds, and to entitle the vendee to specific performance.

2.　FRAUDS, STATUTE OF — Rights of Purchaser — Previous Parol Contract by Vendor. A purchaser of land may rely upon the statute of frauds to invalidate a parol contract for its conveyance made between his vendor and one claiming adversely under such parol contract.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*A. H. Huston, Judge.*

Action by J. Collins against Mary E. Lackey and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*D. K. Cunningham* and *L. R. Weiss,* for plaintiff in error.

*John T. Bradley, Jr.,* for defendants in error.

HAYES, J. This action was commenced in the court below by plaintiff in error, hereinafter called plaintiff, against defendants in error to remove cloud from title to certain real estate. As it does not appear that any of the defendants in error, except Mary E. Lackey, have any interest in this controversy, we shall refer to her as defendant.

Plaintiff alleges in his petition that he is the owner of the legal title and in actual and peaceable possession of lots 10, 11, and 12, in block 1, in Colson's addition to the city of Kingfisher; that defendant claims some right, title, or interest in and to said lots adverse to plaintiff, the exact nature of which is unknown to him. He prays in his petition that title to said lots be forever quieted in him; and that the deed under which defendant claims be canceled and held for naught. Defendant in her answer and cross-petition makes general denial of the allegations of plaintiff's petition, and specifically denies that plaintiff is the owner of or has any interest in the lots, and sets up title in herself by virtue of a warranty deed executed and delivered to her on the 9th day of January, 1909. She prays that title to said lots be quieted in her; and that any deed or muniment of title purporting to vest any interest or title in plaintiff be canceled and held for naught. To her answer, plaintiff filed a reply, denying the affirmative allegations therein; and on the issues thus joined the case was tried by the court, without a jury.

The court, after hearing all the evidence, found the facts substantially as follows: On the 21st day of December, 1908, Albert M. Colson, J. O. Collins, F. C. Smith, and Justin B. Call were the owners of the lots in controversy. On that date, A.

M. Colson, acting for himself and his joint owners, entered into an oral agreement with plaintiff to sell and convey said lots to him; and thereafter a deed was executed by the above-named joint owners of the lots, and said deed was, on the 2d day of March, 1909, delivered to plaintiff. On the 1st day of January, 1909, plaintiff took possession of the lots and made improvements thereon by cutting soap weeks on same and spreading manure on the lots, and also by digging two post holes and setting two posts thereon. On the 9th day of January, 1909, George P. Bonnett, who was the duly appointed and acting attorney in fact for the said Colson, Smith, Call, and Collins, purports to have conveyed the lots to plaintiff. On the last-mentioned date, Bonnett, as attorney in fact for the owners of said lots, executed and delivered to defendant, Mary E. Lackey, a deed conveying said lots to her. His power of attorney was duly recorded on the 9th day of January, 1909, and the deed executed to Mary E. Lackey was filed for record on the 12th day of January, 1909, prior to the delivery of the deed from the same grantors to plaintiff. Plaintiff continued in possession of said lots until the 5th day of February, 1909, on which date defendant, over the protest of plaintiff, entered upon said lots and plowed them up, except a small portion on which was located a cow corral, the possession of which was retained by plaintiff. Defendant, prior to the purchase by her of the property, saw the manure that had been placed on said lots, but was not informed who put it there, and had no actual notice of plaintiff's oral contract for the purchase of said lots.

From these facts, the court concluded that the oral contract between Colson and Collins, on December 21, 1908, for the sale of said lots was void under the statute of frauds; and that the possession taken thereof by plaintiff on January 1st and the improvements made by him thereon were not sufficient to entitle plaintiff to specific performance of said contract, and for that reason defendant, Mary E. Lackey, acquired a good title by virtue of her deed, and is the owner and entitled to possession of the lots, and rendered judgment accordingly.

The sole assignment of error relied upon for reversal of this cause is that the judgment of the trial court is against the law and the evidence. It is not questioned that the parol agreement made between plaintiff and the grantors on December 21, 1908, is void, unless the taking of possession by plaintiff and making the improvements on the lots mentioned is sufficient to take the contract out of the operation of the statute of frauds and render plaintiff entitled to specific performance of the contract. Plaintiff did not pay the purchase price at the time the oral contract was made. There is evidence to the effect that he paid same some time prior to the time the deed was finally delivered to him; but the exact date of payment of the purchase price by him is not disclosed by the evidence. But whether paid before the execution and delivery of the deed to defendant on January 9, 1909, or afterwards, is not very material; for it is well settled by the authorities that the payment of purchase money alone is not sufficient performance of an oral agreement to sell real estate to authorize the court to enforce specific performance thereof. The authorities are practically unanimous that payment of the purchase price and taking possession under the contract and making valuable improvements on the granted premises constitute such a performance of the contract as will warrant a decree of specific performance. There is some division in both the English and American authorities' as to whether taking possession alone under the contract, without making valuable improvements, is sufficient to take the contract out of the operation of the statute. The weight of authority, both in England and in this country, however, supports the rule that possession alone of land under a verbal contract, when delivered to the vendee, is sufficient performance to take the case out of the statute of frauds, without the additional circumstances of payment of consideration, or the making of valuable improvements. Pomeroy on Specific Performance, sec. 115.

In *Halsell et al. v. Renfrow,* 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286, and *Sutherland v. Taintor,* 17 Okla. 427, 87 Pac. 900, it was held that the court would enforce a parol agreement

for the sale of real estate, when the vendee has paid the consideration and taken possession in good faith, with the knowledge and consent of the vendor, and made permanent improvements thereon. No case has been decided in this jurisdiction that we now recall where the facts involved were that the grantee had taken possession only, without payment of consideration, and without the making of valuable improvements. Among the many decided cases which hold that the delivery of possession by the vendor, or the taking thereof by the vendee, in pursuance of the contract, is sufficient to authorize a decree of specific performance are the following: *Keats v. Rector,* 1 Ark. 391; *Blakeney v. Ferguson,* 8 Ark. 272; *McNeill v. Jones,* 21 Ark. 277; *Calanchini v. Branstetter,* 84 Cal. 249, 24 Pac. 149; *Eaton v. Whitaker,* 18 Conn. 222, 44 Am. Dec. 586; *Edwards v. Fry,* 9 Kan. 417; *Baldwin v. Baldwin,* 73 Kan. 39, 84 Pac. 568, 4 L. R. A. (N. S.) 957; *Bresnahan v. Bresnahan,* 71 Minn. 1, 73 N. W. 515; *Green v. Richards,* 23 N. J. Eq. 32; *Wharton v. Stoutenburgh,* 35 N. J. Eq. 266; *Jamsland v. Wallace,* 39 Wash. 487, 81 Pac. 1094.

The reason upon which the foregoing rule is founded is that, if there be no agreement, valid in law or equity, where the vendee has gone into possession in pursuance of his contract, or with the consent of the vendor, then such vendee is made a trespasser and liable as such to the vendor, although his every act has been done with the knowledge and consent of the vendor; and such a position would amount to a fraud practiced upon him by the vendor. Browne on the Statute of Frauds, sec. 469. But, in order for possession alone to authorize specific performance, it must be attended by certain circumstances; it must be notorious, exclusive, and delivered or taken in pursuance of the alleged contract. Browne on the Statute of Frauds, secs. 473-476. One who is already in possession and continues such possession after the making of a parol contract for purchase does not thereby take the contract out of the statute. An entry made after the parol agreement, not in pursuance thereof, and without the knowledge of the vendor, is a trespass, and does not authorize a decree of specific performance. Such entry, in order to au-

thorize specific performance, must be in pursuance of and on the faith of the contract. *Halsell et al. v. Renfrow,* 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286; *Id.,* 202 U. S. 287, 26 Sup. Ct. 610, 50 L. Ed. 1032, 6 Ann. Cas. 189; Browne on the Statute of Frauds, secs. 483-484; *McNeill v. Jones, supra; Foster v. Kimmons,* 54 Mo. 488; *Benedict v. Bird,* 103 Iowa, 612, 72 N. W. 768; *Browder v. Phinney,* 37 Wash. 70, 79 Pac. 598; *Wood v. Thornly,* 58 Ill. 465.

There is an entire absence of any evidence in the record to show that plaintiff took possession in pursuance of the parol agreement. On the other hand, the testimony is to the effect that nothing was said about possession; nor did he take possession with the knowledge and consent of the vendors. Plaintiff owns and lives upon lots that join the lots in controversy on the north. Prior to the making of the oral agreement, his cow lot extended some three or four feet over on the lots in controversy. The only acts of possession exercised by him since the oral agreement that were not exercised before are that he dug post holes and set two posts, for the purpose of extending his cow lot some eight or nine feet farther over on the lots purchased, and the additional acts of spreading some manure in bunches over a part of the lots and digging up some weeds. But whether all these acts constituted a taking of possession before the purchase or after the purchase, in neither event were they done in pursuance of the contract, and for that reason are ineffective to relieve the agreement of the operation of the statute; and, the contract being voidable at the election of either party thereto, even if defendant had knowledge thereof at the time she received her deed, it was without any force.

It is contended, however, by plaintiff that defendant cannot avail herself of the statute. It is true that, where parties to a parol contract to convey real estate desire to perform the contract, they may do so, and a stranger to the contract cannot set up the statute for the benefit of either of the parties or for himself; but this rule does not exclude those holding in privity with one of the contractors of the right to avail himself of the statute.

Collins v. Lackey et al.

To hold otherwise would, in a great measure, destroy the statute. The purpose of such statute is to provide that no person to a parol contract to convey real estate shall be bound thereby, unless he chooses to be, and voluntarily executes the contract. But, if he may not sell the property which is the subject of such a contract to another, and such a contract remains a cloud upon his title, unless suit is brought to remove it, or unless the other contracting party brings a suit to enforce the contract, and defendant pleads the statute and obtains judgment declaring the contract void, then such a contract creates a liability against the parties, subject to be defeated only by a suit. When the owners of this land, acting through their lawfully constituted agent, conveyed same to defendant, they placed it out of their power to comply with their parol agreement with plaintiff, and thereby repudiated their contract with him; and, their grantee being privy to the parol agreement, may take advantage of the statute. *Hansen v. Berthelscn,* 19 Neb. 433, 27 N. W. 423; *Best v. Davis,* 44 Ill. App. 624; *Pickerell v. Morss et al.,* 97 Ill. 220; *Sonnemann v. Mertz et al.,* 221 Ill. 362, 77 N. E. 550; *Masterson v. Little,* 75 Tex. 682, 13 S. W. 154; *Shelton & Sires v. Thompson, Bennett & Co.,* 96 Mo. App. 327, 70 S. W. 256.

Plaintiff also contends that the power of attorney of the agent from whom defendant purchased had been revoked prior to the execution of the warranty deed to defendant. It is not necessary here to decide what would have been the effect of defendant's deed, if the owners of the land had, prior to the execution and delivery of the deed to defendant, executed and delivered to plaintiff their deed for the land in controversy, of which defendant had no actual or constructive notice until the delivery of the deed by the agent to her. It is sufficient answer to this contention that, as heretofore determined, plaintiff never became vested with any legal or equitable title under the parol agreement; and, while the deed from the owners of the land to plaintiff was drawn on the 21st day of December and signed the next day by one of the grantors, the deed was not signed and executed by the other grantors, nor delivered, until in March

thereafter, long subsequent to the execution and delivery of defendant's deed. At the time defendant purchased and received her deed, her grantors were the owners of the legal and equitable title to this land, and, acting either in person, or through their lawfully constituted agent, had power to convey it.

For the foregoing reasons, the judgment of the trial court should be, and is, affirmed.

All the Justices concur.