## SHAFFER v. TURNER.

No. 3676.   Opinion Filed November 17, 1914.

(144 Pac. 366.)

1. **EJECTMENT—Right to Recover—Existence of Title.** Plaintiff instituted this suit in ejectment to recover possession of a certain tract of land in Wagoner county. The undisputed evidence shows that defendant had been in the open and undisturbed possession of said land for more than one year under claim of title, prior to the date of plaintiff's deed under which he claims title; that neither plaintiff's grantor nor any one for her had received any rents or had been in possession of said land for more than one year prior to the date plaintiff received his deed. **Held**, that plaintiff was required to recover upon the strength of his own title; that the deed of conveyance relied upon by him was void as against defendant in possession, and was insufficient to entitle plaintiff to recover.

2. **APPEAL AND ERROR—Verdict—Evidence—Ejectment—Instructions.** The court submitted the issues involved to the jury for their determination. The jury returned a verdict in favor of defendant. Instructions of the court fairly cover all the issues involved. Evidence amply supports the verdict of the jury. **Held**, that said verdict will not be disturbed on appeal.

3. **VENDOR AND PURCHASER—Interest of Person in Possession —Notice.** The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims; and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*John H. Pitchford, Judge.*

Ejectment by Fabian Shaffer against C. W. Turner. Judgment for defendant, and plaintiff brings error. Affirmed.

*Crump, Crump & Garrett,* for plaintiff in error.

*Chas. Bagg,* for defendant in error.

RIDDLE, J.   The parties will be referred to herein as they were in the trial court. Plaintiff instituted this suit in ejectment to recover possession of the N. W. ¼ of the S. E. ¼, section

29, township 16 north, range 16 east, Wagoner county, containing 40 acres. The land in question was part of the allotment of Emma Anderson, *nee* Solomon. Plaintiff claims the ownership and right of possession of said land by virtue of a certain deed of conveyance, dated July 1, 1907, executed and delivered to him by said Emma Anderson, joined by her husband, Wm. Anderson. To this petition, defendant filed his answer, consisting: First, of a general denial; second, it was alleged affirmatively that on the 26th day of November, 1904, said Emma Anderson, joined with her husband, for a valuable consideration, executed and delivered to Harry L. Stephens a warranty deed to said premises, and that, through an error in drawing the deed, the land was described as the S. E. ¼ of the N. E. ¼ of section 29, township 16 north, range 16 east, Wagoner county, Okla.; that on the 8th day of December, 1904, Harry L. Stephens, by his quitclaim deed, conveyed all his right, title, and interest in and to said land to defendant, C. W. Turner; that said defendant has been in the quiet, peaceable, and undisturbed possession of said land by virtue of said conveyance since the 8th day of December, 1904, and was in the open, exclusive, and undisturbed possession of said land for more than one year prior to the date plaintiff received the deed of conveyance relied upon; that neither the said Emma Anderson nor any one claiming any interest by or through her had been in possession of said land or received any rent therefrom for more than one year prior to the date of plaintiff's alleged conveyance, and said deed of conveyance is absolutely void and has no force and effect. The answer was sworn to, and there was no reply filed thereto.

The cause was tried to a jury upon the issues thus made. Briefly stated, the evidence shows on the part of plaintiff that he examined the records and found a lease contract running for a period of five years from the first of the year 1903 in favor of defendant; that said contract was still in force and effect on the date he received his deed of conveyance; that the records failed to show any other instrument affecting said land at the date he purchased same; that he had no actual notice that defendant claimed to be the owner of said land or had received a conveyance

of same.   He testified he had paid $750 as a consideration for the conveyance made to him.

On the part of defendant it is shown that in the early part of the year 1908, and after plaintiff had received the deed of conveyance relied upon by him, the said Emma Anderson executed a quitclaim deed in favor of Harry L. Stephens, the purpose of which was to correct the description in the deed dated November 26, 1904; that said Stephens, in turn, executed a quitclaim deed to defendant, Turner, for the purpose of correcting the description in the deed executed December 8, 1904.

Emma Anderson testified that, when Mr. Shaffer came to her house to secure a deed from her, she told him that she did not own the land in question; that she had sold same to Stephens. Witness Roberts testified that he was present at said time, and that Mrs. Anderson told plaintiff that she and her husband had sold and conveyed the land to Stephens.   Plaintiff denied this testimony.

The court charged the jury, in substance, that if on the date plaintiff received the deed of conveyance relied upon by him for recovery, defendant, Turner, was in possession of the land in controversy, claiming same under a deed from Stephens, and that if the said Emma Anderson and husband had, prior to said date, sold said land to said Stephens, but that the description to same in the deed of conveyance thereto had, by mutual mistake, described the land by other than the true description, and that subsequently the said Stephens conveyed said land to defendant, they should return a verdict in favor of defendant, regardless of any other issue in the case.

On behalf of defendant, the court, in substance, told the jury if they found from the evidence that defendant, Turner, was in possession of the land in controversy on July 1, 1907, the date of Shaffer's deed, and that Shaffer had no knowledge of such possession, other than as disclosed by the records, and that the records disclosed only a lease contract in favor of defendant, plaintiff had a right to presume said defendant was in possession of said land by virtue of said lease contract; and in that event, their verdict should be for plaintiff, unless defendant had shown

by a preponderance of the testimony that plaintiff had actual knowledge of his rights under the deed. The court further charged the jury that the burden of proof was on defendant to show that there was a mutual mistake made in describing the land in the different conveyances referred to. The jury returned a verdict in favor of defendant, from which judgment plaintiff prosecutes this appeal, and assigns the following specifications of error:

"(1)   The verdict of the jury is not sustained by sufficient evidence.   (2) The verdict of the jury is contrary to law.   ***
(8) The court erred in overruling the motion for a new trial filed by plaintiff in error.   (9) The court erred in rendering judgment against plaintiff in error and in favor of defendant in error."

The third, fourth, fifth, sixth, and seventh assignments relate to the court's refusal to give certain instructions requested by plaintiff. These various assignments raise one proposition, which is: Was there sufficient evidence to warrant the court in submitting the case to the jury? As affects plaintiff's rights, we are of the opinion that the court committed no error as alleged in these various assignments. After carefully reading the briefs of the respective counsel and all the evidence in the record, we are inclined to believe the court should have directed a verdict in favor of defendant. It is not denied that defendant was in possession of this land, claiming ownership by virtue of the conveyances above mentioned.; that he had the exclusive and open possession of same for more than one year prior to the time plaintiff received the deed of conveyance upon which he relies for recovery; that neither plaintiff's grantor nor any one for her had received any rent from this land for more than one year prior to the date of plaintiff's conveyance. Therefore plaintiff's deed was void and insufficient to confer any right upon him as against defendant. *Phillips et al. v. Byrd, ante,* 143 Pac. 684; 4 Blackst. Comm. 136; 4 Kent's Comm. 488; *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721; *Miller v. Fryer,* 35 Okla. 145, 128 Pac. 713; *Ruby v. Nunn,* 37 Okla. 389, 132 Pac. 128. Plaintiff was required to recover upon the strength of his own title, and not upon the weakness of defendant's title. From this

view of the case, the court could not have committed any error prejudicial to the rights of plaintiff in the instructions given to the jury. We have carefully examined the instructions, however, and if there was any error committed, we think it was favorable to plaintiff. The court submitted the issue as to whether or not plaintiff had actual knowledge of defendant's right, and, there being ample evidence to support the finding of the jury, its finding upon this issue will not be disturbed. We are of the opinion that the court fairly charged the jury upon every issue in the case, and, for that reason, committed no error in refusing to submit plaintiff's requested instructions to the jury. For another reason, we are of the opinion that no prejudicial error appears in the record of which plaintiff can complain; that is, in reading the record we irresistibly come to the conclusion that plaintiff's grantor had, long prior to the date of plaintiff's deed, sold all her right, title, and interest in this land, for a valuable consideration, to defendant, and defendant was in possession of the land, claiming same by virtue of that sale. Even if defendant had received no conveyance of any kind, he, having gone into possession, claiming title, and having paid the purchase price, his grantor had no title which she could convey to plaintiff as against defendant; and notwithstanding the fact of the lease contract on record which had not expired, plaintiff would be required, as a matter of law, to take notice by reason of defendant's possession of whatever right or interest defendant claimed in and to the land. *Herbert v. Wagg,* 27 Okla. 674, 117 Pac. 209; *Cooper v. Flesner,* 24 Okla. 47, 103·Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; *Whitham v. Lehmer,* 22 Okla. 627, 98 Pac. 351. It was said by this court in case of *Adams v. White,* 40 Okla. 535, 139 Pac. 514, by Justice Kane:

"The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims, and the open, actual possession of such property gives notice to the world of such interest as the purchaser actually has therein."

In view of all the facts and circumstances, we are of opinion that the judgment is correct in point of fact, as well as in law.

Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

As we have said, after reading the entire record, we are clearly of the opinion that the allottee, Emma Anderson, sold and intended to convey the land in controversy to Harry L. Stephens. It is equally clear that said Stephens sold and intended to convey said land to defendant; that defendant intended to purchase said land, and did actually purchase and pay the consideration for same, and took exclusive and open possession, claiming title. Entertaining this conclusion, from the facts before us, our duty is clear in the premises.

Finding no prejudicial error, the judgment of the trial court is affirmed.

All the Justices concur.