## WILKINSON et al. v. STONE et al.

No. 10204—Opinion Filed June 21, 1921.

Rehearing Denied July 26, 1921.

(Syllabus.)

1. **Vendor and Purchaser — Interest of Person in Possession — Notice.**

The possession of real property carries with it the presumption that the possession of the occupant is rightful, and it is the duty of those dealing with others than the party in possession regarding such property to ascertain the claim of the party in possession. The open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein.

## 2. Notice—Interest of Lessee of Land—Effect of Possession.

On the 28th of March. 1917, S. leased from T., a full-blood citizen of the Creek Tribe of Indians, certain lands for agricultural purposes for a term of five years, beginning on the 1st of January, 1918. This lease was recorded. Thereafter, S. received from T. another agricultural lease, dated on the 14th day of April, 1917, covering the same lands, for a term of five years from the date of the lease. The last named lease was never placed on record. On the 1st day of January, 1918, S. went into possession of the lands leased. On the 2nd day of January, 1918, W. and S. secured from T. an agricultural lease on the same lands for a term of five years, beginning on the 1st day of January, 1918. Held, that S., having gone into possession claiming under and by virtue of lease of April 14, 1917, and notwithstanding the fact that the void lease contract, of March 28, 1917, was the only lease of record, W. and S. were required, as a matter of law, to take notice by reason of S.'s possession of whatever right or interest he claimed in and to the land.

## 3. Pleading — Admissions in Pleading.

Pleadings in a civil case are not merely matters of form, but they are solemn declarations of the party. They present to the court what he claims the facts to be and, upon such statement. asks it to grant him relief, and he is bound by every statement against his interest made therein, and will not be heard to question the correctness thereof, so long as they remain a part of the record; and they may be taken advantage of by the adverse party at any state of the case, either in the trial court or on appeal if they are preserved in the transcript or case-made.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action in ejectment by R. L. Wilkinson and Eugene B. Smith against A. H. Stone and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

J. T. Smith, for plaintiffs in error.

Thrift & Davenport and Cheatham & Beaver, for defendants in error.

PITCHFORD, J. This is an action in ejectment brought in the district court of Creek county, Oklahoma, by the plaintiffs in error, as plaintiffs below, against the defendants in error, as defendants below. The parties, hereafter, will be referred to as they appeared in the trial court.

The controversy between the parties arises over two inconsistent agricultural leases made by Ada Tiger, a full-blood Creek Indian, upon her surplus allotment, held, respectively, by the plaintiffs on the one hand, and the defendant, A. H. Stone, on the other.

The facts, briefly stated, are substantially as follows: On March 28, 1917, A. H. Stone leased the premises from the allottee, for agricultural purposes, for a period of five years running from the 1st day of January, 1918. This lease was regularly recorded. Thereafter, on April 14, 1917, the said A. H. Stone secured from the allottee another agricultural lease on the premises for a period of five years, beginning on April 14th, the date of the lease. This lease was never placed upon record. During the year of 1917, one James Cook occupied the premises as lessee under a lease ending December 31, 1917, and continued to occupy the premises from January 1, 1918, as a tenant of the defendant Stone. On the 2nd of January, 1918, the plaintiffs leased the premises from the allottee for a period of five years, commencing on the 1st day of January, 1918. It appears from the evidence that the plaintiffs had no actual notice or knowledge of the lease executed to the defendant on the 14th day of April, 1917, and that at the time of the execution of their lease, on the 2nd day of January, 1918, they made inquiry of Cook as to his right to the possession of the premises and were informed by Cook that he was holding the same as a tenant of Stone. They made no inquiry of Stone. It is conceded by both parties that the record lease of the defendant Stone, dated on the 28th day of March, 1917, is void, for the reason that the same is an overlapping lease and bound the premises for a longer period than five years, in violation of the act of Congress of May 27, 1908.

There was judgment in the trial court in favor of defendants, from which plaintiffs appeal.

The first contention of plaintiffs is that, the defendant having placed the lease dated March 28, 1917, upon the records, and his possession being consistent therewith, this possession of the defendant is referable thereto, and that the plaintiffs were relieved of making further inquiry of the party in possession of any other different or additional title.

There is some confusion in the authorities concerning the rights of one in possession of premises, under the facts as disclosed by the record in the instant case, and as to whether a subsequent lessee is justified in relying

entirely upon knowledge gained from the records.

The general rule is stated in Pomeroy's Eq. Juris. (2d Ed.) 2d vol., sec. 615, as follows:

"That an actual, open, visible and exclusive possession of a definite tract of land by one rightfully in possession or holding under a valid title is a constructive notice to subsequent purchasers and encumbrancers of whatsoever estate or interest in the land is held by the occupant, equivalent in its extent and effects to the notice given by the recording or registration of his title."

It is contended by the plaintiffs, however, that the general rule is not applicable in this case, and they cite a number of authorities in support of their contention, among which are the following: 39 Cyc. 1748; 16 Am. & Eng. Enc. of Law, 803; Woods v. Farmere, 7 Watts, 382, 32 Am. Dec. 772; Lance v. Gorman, 136 Penn. St. Rep. 200, 20 Atl. 792, 20 Am. St. Rep. 914; Aden v. City of Vallejo et al., 139 Cal. 165, 72 Pac. 905; Bonnell v. Allerton, 51 Iowa, 166, 49 N. W. 857; Dutton v. McReynolds, 31 Minn. 66, 16 N.W. 468; F. B. Collins Inv. Co. et al. v. Waide, 70 Oklahoma, 173 Pac. 835; Riddle v. Keechi Oil & Gas Co., 74 Oklahoma, 176 Pac. 737; the conclusion to be drawn from these authorities being summarized in the 2d vol. Pomeroy's Eq. Juris. (2nd Ed.) sec. 616, p. 854, as follows:

"The decisions may be regarded as agreeing upon the conclusion, which also seems to be in perfect harmony with sound principle, that where a title under which the occupant holds has been put on record, and his possession is consistent with what thus appears of record, it shall not be a constructive notice of any additional or different title or interest to a purchaser who has relied upon the record, and has had no actual notice beyond what is thereby disclosed."

But the above rule is subject to the modifications as stated in Devlin on Real Estate (3rd Ed.) vol. 2, p. 1408, as follows:

" 'The character of the possession which is sufficient to put a person upon inquiry, and which will be equivalent to actual notice of rights or equities in persons other than those who have a title upon record, is very well established by an unbroken current of authority. The possession and occupation must be actual, open and visible; it must not be equivocal, occasional, or for a special or temporary purpose; neither must it be consistent with the title of the apparent owner by the record.' It must be such as to be inconsistent with the title upon which the subsequent purchaser or encumbrancer relies."

After an examination of the authorities cited by plaintiffs, we are of the opinion that the correct conclusion to be reached therefrom is stated in F. B. Collins Inv. Co.

et al. v. Waide (Okla.) supra, cited by plaintiffs, wherein the court quotes with approval from 21 Am. & Eng. Enc. of Law (2d Ed.) p. 585, as follows:

"No general rule can be formulated which will govern in all cases the sufficiency of the facts or circumstances that make it a person's duty to inquire, but each case must rest on its own facts. A few guiding principles, however, have been recognized by the courts, and are here discussed. It may be premised that the means of knowledge must be available and of such a character that a prudent man might be expected to take the advantage of them. There must appear in the nature of the case such a connection between the facts discovered and the further facts to be discovered that the former may be said to furnish a reasonable and natural clue to the latter. Circumstances that are dubious or equivocal are not sufficient to take the place of actual notice."

As we understand, the authorities relied upon by plaintiffs seem to go to the extent that the record title under which the party in possession apparently claimed possession must be a valid title, or apparently valid. Under this rule, the defendants in the instant case could not legally claim the right to possession under and by virtue of the recorded lease, which was void, and this fact was well known to plaintiffs. So far as the records disclosed, the allottee had a complete right to lease the premises to other parties, notwithstanding the fact that the lease of March 28, 1917, was recorded. The possession of defendants, claiming said lands for agricultural purposes for the year of 1918, under a void lease, was inconsistent with this apparent right of the allottee When plaintiffs examined the records, they found, recorded, the lease of the 28th day of March, 1917, for the term of five years, to begin the 1st day of January, 1918. This lease being void, as the same was for a longer period than five years, the allottee being a full-blood Indian, the plaintiffs could readily see that the record gave the defendants no right, or apparent right, to the possession of the lands under this void lease.

In the case of Riddle v. Keechi Oil & Gas Co., supra, cited by plaintiffs, it appears that Berry, the owner of certain lands, executed an oil and gas lease to the same, and after executing this lease he executed a deed to the same land, which deed was placed of record. Berry continued in the possession of the land. As between Berry and S., this deed was only a mortgage, which fact, however, was not known to the lessee. The rental provided for in the oil and gas lease was deposited in the bank named in the lease to the credit of S. The court held that this was

a sufficient compliance with the terms of the lease to entitle the lessee to hold the same. In rendering the opinion, the court quoted from Collins Inv. Co. v. Waide, supra, as follows:

"Knowledge by a purchaser of land that the grantor under whom the vendor claims is in possession thereof is not such knowledge as to put the purchaser upon inquiry as to the title of such grantor."

In the case of Flesher v. Callahan et al., 32 Okla. 283, 122 Pac. 489, the first paragraph of the syllabus is as follows:

"By the execution and delivery of a deed in general terms, the entire legal interest in the premises vests in the grantee; and, if the grantor continues in possession afterward, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee; and nothing short of an explicit disclaimer of such a relation and a notorious assertion of right in himself will be sufficient to change the character of his possession.

"(a) In such case, the grantor is not deemed, in law, to have adverse possession against his grantee, or those deriving title from him."

To the same effect, see Wolverine Oil Co. v. Parks et al., 79 Okla. 318, 193 Pac. 624.

We can understand how the rule would be different where the owner has executed an instrument which has been placed of record, and continues to retain possession of the premises, and how he could be regarded as holding the premises in subserviency to the grantee, and how this would not be inconsistent with the rule announced by Pomeroy, 2d vol., section 615, supra.

The case of Shaffer v. Turner, 43 Okla. 744, 144 Pac. 366, involves the identical question here presented. Turner had leased the lands there in controversy, and had taken possession under and by virtue of the lease. This lease had been properly recorded. While in possession, and before the termination of his lease, Turner purchased the land and a deed was duly executed and delivered to him. This deed was never recorded. On July 1, 1907, and while the lease to Turner was still in full force and effect, Shaffer procured a deed from Turner's vendor for the same land. It appears that Shaffer had no knowledge of the claim of Turner, other than as disclosed by the record; and, as the record only disclosed a lease contract in favor of Turner, Shaffer claimed that he had a right to presume that Turner was in possession of the premises by virtue of said lease contract, and that he was not required to make further inquiry. The judgment of the trial court was in favor of de-

fendant. On appeal to this court, it was held, in the 3rd paragraph of the syllabus, as follows:

"The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims; and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein."

We quote from the body of the opinion, as follows:

"For another reason, we are of the opinion that no prejudicial error appears in the record of which plaintiff can complain; that is, in reading the record we irresistibly come to the conclusion that plaintiff's grantor had, long prior to the date of plaintiff's deed, sold all her right, title, and interest in this land, for a valuable consideration, to defendant, and defendant was in possession of the land, claiming same by virtue of that sale. Even if defendant had received no conveyance of any kind, he, having gone into possession, claiming title, and having paid the purchase price, his grantor had no title which she could convey to plaintiff as against defendant; and notwithstanding the fact of the lease contract on record which had not expired, plaintiff would be required, as a matter of law, to take notice by reason of defendant's possession of whatever right or interest defendant claimed in and to the land."

To the same effect, see Bank of Mendocino v. Baker et al. (Cal.) 22 Pac. 1037.

So in the case at bar, if the lease to defendant of April 14, 1917, was valid as between Ada Tiger and Stone, and Stone was in possession under this lease, then Ada Tiger had parted with all right or power to execute another lease affecting the rights of Stone.

Plaintiffs' next contention is that the lease dated April 14, 1917, is void for the reason that the same was made more than eight and one-half months prior to the expiration of another prior and existing agricultural lease, held by the defendant James Cook, and is what is designated as an overlapping lease. They cite U. S. v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844; Hudson v. Hildt, 51 Okla. 359, 151 Pac. 1063; Reirdon v. Smith, 62 Okla. 48, 161 Pac. 798; Brown v. Van Pelt, 64 Okla. 109, 166 Pac. 102; Mullen v. Noah, 64 Okla. 181, 166 Pac. 743; Mullen v. Carter, 68 Oklahoma, Taylor v. Granger, 70 Oklahoma, 174 Pac. 234; Carden v. Humble, 76 Okla. 165, 184 Pac. 104.

We have carefully examined these authorities, but we are of the opinion that they fail to sustain plaintiffs' contention, as applied to the facts of the case at bar. In the cases

cited, it appears that the allottees executed leases to run concurrently with valid leases then in existence, or executed leases beginning in the future. These leases were held to be void under the act of Congress of May 27, 1908 (35 Stat. p. 312, c. 199; Fed. St. Ann. Supp. 1909, p. 233), which provides:

"That all lands other than homesteads allotted to members of the Five Civilized Tribes from which restrictions have not been removed may be leased by the allottee if an adult, or by guardian or curator under order of the proper probate court if a minor or incompetent, for a period not to exceed five years, without the privilege of renewal. * * *"

Upon this point, the status of the pleadings in the instant case is important. Plaintiffs, in their petition, alleged that they were owners of the lease executed January 2, 1918, but did not refer to defendants' lease. Defendants answered and pleaded a lease executed April 14, 1917, for a term of five years from date thereof, which was not of record. Plaintiffs replied, setting up the constructive notice of a lease executed to defendant Stone on March 18, 1917, for a term to begin January 1, 1918, concededly void, and undertook to plead facts showing the invalidity of Stone's lease of April 14, 1917, by alleging the existence of a lease made on September 20, 1912, by the allottee to Holmes Davidson, for a term to end December 31, 1917. The allegation of the execution of this lease was not denied. The plaintiffs in the trial court relied entirely upon the records, which is fully shown in the colloquy between the court and the attorneys:

"The Court: What is your cause of action? Mr. Wilkinson: Ejectment. The Court: Under what? Mr. Wilkinson: An agricultural lease contract. The Court: When was it executed? Mr. Wilkinson: It was executed on the 2d day of January, 1918, covering a period of five years, and we bring our action in ejectment under this lease contract. They set up by way of answer a contract purporting to have been made prior to our contract; that is to say, on the 14th day of April, 1917. By way of reply we deny the execution of this contract, their contract set up in their answer, and we state that the owner of this land, the grantor of the lease contract, is a full-blood Indian duly enrolled as such; that their contract was not filed of record, but that there appeared upon the records a contract, the contract made and entered into on the 28th day of March, 1917, for a term of five years beginning on January 1, 1918; that this was the only notice of claim of these defendants that the plaintiffs had at the time of the taking of the lease. We also deny that the defendants were in possession of the premises at the time our lease was executed. The

Court: Your contention is that as a matter of law you are not bound by any constructive notice of the unrecorded instrument which might have been valid; and since they are in possession under a contract, you contend is void, that that explains their possession, and that you are justified in believing they are in possession under that void instrument; and not under a valid unrecorded instrument; that is your position? Mr. Wilkinson: Yes, sir."

The 3d paragraph of the reply filed by plaintiffs to the answer of the defendants, which reply was verified by the plaintiffs, is as follows:

"That heretofore, to wit, on or about the 20th day of Sept., 1917, said Par-tak-ko-zolee (Ada Tiger) made and executed a lease or rental contract to one Holmes Davidson covering said premises for a term ending Dec. 31, 1917, which said lease or rental contract was owned and held by said defendants and in full force and effect at the time and date that said lease or rental contract set forth in said answer was purported to have been made and executed, and that at said time defendants were in possession of said premises under said lease or rental contract made on or about the 20th day of September, 1912."

The Holmes Davidson lease was not introduced in evidence, and as we have seen, under the act of Congress of May 27, 1908, supra, would be void, and being void, there was nothing to prevent the defendant Stone from taking his lease on the 14th of April, 1917, notwithstanding he might have found someone in possession under the lease of September, 1912. The plaintiffs, having alleged the execution and existence of this lease, are bound by the admission.

In the case of Frank R. Rogers v. Milton Brown, 15 Okla. 524, 86 Pac. 443, the rule is stated as follows:

"Pleadings in a civil case are not merely matters of form, but they are solemn declarations of the party. They present to the court what he claims the facts to be and, upon such statement, asks it to grant him relief, and he is bound by every statement against his interest made therein, and will not be heard to question the correctness thereof, so long as they remain a part of the record; and they may be taken advantage of by the adverse party at any stage of the case, either in the trial court or on appeal if they are preserved in the transcript or case-made. (Lane Implement Co. v. Lowder & Manning, 11 Okla. 61.)

"The facts in a case never change, nor will a party be allowed to change his recitation of the facts simply because it may happen to be advantageous to do so."

The record is silent as to what arrangements, if any, the defendant Stone made

with the defendant Cook, who it is claimed was in possession of the premises at the time of the execution of the lease now relied upon by the defendants. If the defendant Stone recognized that Cook had any rights under the lease of 1912, this would not be a matter of which the plaintiffs could be heard to complain.

The judgment of the trial court is, therefore, affirmed.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.