**James E. PUGH, Verda J. Pugh, and Roye Realty & Developing, Inc., Appellants,**

**v.**

**James P. GILBREATH and Wanda F. Gilbreath, Appellees.**

**No. 50011.**

Court of Appeals of Oklahoma, Division No. 1.

Sept. 27, 1977.

Supplemental Opinion on Denial of Rehearing Oct. 25, 1977.

Released for Publication by Order of Court of Appeals Nov. 17, 1977.

Nat Henderson, Stigler, for appellants James E. Pugh and Verda J. Pugh.

Michael D. Lee, Stigler, for appellant Roye Realty & Developing, Inc.

John F. Hudson, Stigler, for appellees.

ROMANG, Judge:

This action concerning title to a strip of land was finally decided by the trial court on stipulated facts. James and Beatrice Kelley (Grantors) conveyed certain described real property by warranty deed to James and Wanda Gilbreath (Defendants) on December 2, 1971. The Defendants took possession of the described property and made improvements thereon including the construction of a barn and erection of a fence. The Defendants later determined that due to mismeasurement, a portion of the barn and fence had been placed on an adjoining strip of land owned by the Grantors and not earlier conveyed. On discovery (August, 1972) the Defendants went to the Grantors and orally agreed to buy an additional 35 foot wide strip on which the improvements had been placed. The Defendants gave the Grantors a check for $250.00 but no other writing was exchanged and no deed was delivered. The check was in customary form with the comment "Land our 5 acres."

On August 27, 1973 the Plaintiff, Roye Realty & Developing, Inc. (Realty Company) acquired from the Grantors by warranty deed (second grant) a piece of real property adjoining the property deeded to the Defendants which included the strip of land which was the subject of the August, 1972 transaction between the Grantors and the Defendants. On December 28, 1973 the Plaintiffs, James and Verda Pugh, entered into a contract for a deed with Plaintiff Realty Co. On the making of a survey of the second grant in preparation of concluding the contract for a deed, it was discovered that the Defendants were in possession of a 35 foot strip of land covered by the deed from the Grantors to the Plaintiff Realty Co. After discussion the Plaintiffs brought this action for title, possession and surface damages. The Defendants counterclaimed to quiet their title.

The trial court found that the Plaintiffs were on notice of Defendants' claim by virtue of Defendants' possession and that the Plaintiffs failed to inquire as to the Defendants' interest. He accordingly entered a judgment for the Defendants and the Plaintiffs appeal.

It is settled law that open, notorious possession is notice to all of the possessor's interest in the property, whatever that interest is. Accordingly, a purchaser of real property in the open, notorious possession of someone not his grantor is put on inquiry as to the real nature of the possessor's interest, and if he purchases without in-

quiry, he takes subject to that interest. *Adams v. White*, 40 Okl. 535, 139 P. 514 (1914), and *Geb v. Wilkins*, 399 P.2d 456 (Okl.1965). Thus the issue at hand depends on what interest the Defendants acquired in the strip of land by virtue of the August, 1972 transaction for it is only this interest which the Plaintiffs were on notice of.

The transaction of August, 1972 was not in writing except for the check. It is not contended that this check was a sufficient memorandum to take the transaction out of the statute of frauds. 15 O.S.1971, § 136. See also *McMonigle v. Poorhorse*, 174 Okl. 534, 51 P.2d 288 (1935). Nor can it be contended that the contract was fully executed since no deed has yet conveyed title to the Defendants. The argument of substance is that the contract was sufficiently performed to permit equity to specifically perform the agreement outside the statute of frauds and to enforce the Defendants' equitable title. We believe this conclusion is not in accord with Oklahoma law.

■ The doctrine of part performance is generally agreed on in the United States but its numerous details lead to splits in the authorities. See 2 Corbin on Contracts § 434 (1950) and 3 Williston on Contracts § 494 (3rd Ed. 1960). Much of the division hinges on what portion of the vendee's performance is necessary to take an oral agreement outside the statute. While some courts have held complete payment is sufficient, the Oklahoma authorities hold that payment alone is insufficient. *McMonigle v. Poorhorse, supra,* and *Adams v. White, supra.* See also Restatement of Contracts § 197 illustration 3 (1932). The reason seems to be that inasmuch as the relief is in equity, the remedy of specific performance is not necessary where only money has changed hands since the equity court can easily restore the status quo by ordering the vendor to return the money.

■ But where the vendee has taken possession of the property and made valuable improvements "pursuant to the [oral] contract . . . ." *McMonigle v. Poorhorse, supra* 51 P.2d at 290, the courts of equity will specifically enforce the vendor's oral promise to convey. The difficulty in this case is that, so far as the record shows, the Defendants took possession and made improvements in erroneous reliance on the written deed of December 2, 1971 and before the oral transaction of August, 1972. While the Restatement in § 197(b) recognizes the taking or *retaining* of possession, this is counter to Oklahoma caselaw. In *Collins v. Lackey*, 31 Okl. 776, 123 P. 1118 (1912) the Supreme Court noted that for possession and improvements to take an oral agreement out of the statute they must have occurred subsequent to the agreement and in pursuit of the agreement. In *Collins* the purchaser under the oral agreement had taken possession and made some improvements prior to the intervening legal interests of another purchaser. The record purchaser received a deed and recorded it before the first purchaser received and recorded his deed. The Court noted that it made no difference whether he had paid the price before or after the record purchaser acquired her deed since payment alone does not satisfy the statute. *Collins* at 1119. They further noted that the statute was satisfied by payment followed by possession and the making of valuable improvements. *Collins* at 1119. While possession alone in pursuance of the oral contract might be sufficient, the Court noted that

. . . in order for possession alone to authorize specific performance, it must be attended by certain circumstances; it must be notorious, exclusive, and delivered or taken in pursuance of the alleged contract . . . One who is already in possession and continues such possession after the making of a parol contract for purchase does not thereby take the contract out of the statute. An entry made after the parol agreement, not in pursuance thereof, and without the knowledge of the vendor, is a trespass, and does not authorize a decree of specific performance. Such entry, in order to authorize specific performance, must be in pursuance of and on the faith of the contract. *Collins, supra* at 1120.

In *Collins*, as here, the oral purchaser had occupied a part of the lot in question even before the oral agreement although some of his acts had occurred subsequently. Nevertheless, the Court held his acts of possession and improvement were not in pursuance of the oral contract and, hence, did not remove the transaction from the statute.

Our case, however, is not on all fours. For one, none of the alleged acts of possession or improvement occurred subsequent to the oral transaction and could not have been in pursuance to the oral contract. Secondly, the continued possession was with the knowledge of the vendor. Thirdly, in contrast to *Collins* the Defendants' possession was sufficient to factually put the Plaintiffs on notice of their claim, such as it was.

■ The equitable character of the part performance doctrine can easily be seen in the above cases. It is more precisely stated in the Tentative Draft of the Restatement of Contracts (2d) § 197:

> A contract for the transfer of an interest in land may be specifically enforced notwithstanding failure to comply with the Statute of Frauds if it is established that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific performance.

*Collins v. Lackey, supra,* at 1120 also made it clear that while the parties to an oral transaction can perform the agreement at will, that a subsequent purchaser from the grantor may avail himself of the statute.

■ *On this record* we find no injury to the Defendants resulting from their reliance on the oral transaction of August, 1972. Whatever their liability for trespass on that date has not been aggravated by their subsequent reliance on the oral contract. While the Plaintiffs were clearly on notice of their interest, we believe that inquiry would have disclosed that the rights acquired in August, 1972, if any, were not specifically enforceable.

We believe that our opinion raises potential factual issues not addressed by the parties' stipulations. To be certain that our view of the record is supported in fact, we will remand the case for further proceedings in the trial court, including, if necessary, trial of any new disputed facts.

REVERSED AND REMANDED.

REYNOLDS, P. J., and BOX, J., concur.

### SUPPLEMENTAL OPINION ON REHEARING

The Appellees' Petition for Rehearing is denied. Ordinarily the Court need not explain the denial of a rehearing nor is it necessary that each point raised by counsel be discussed. But a further comment is in order in this case.

The Associate District Judge wrote the Court expressing the view that the case was not tried by stipulation. This is, of course, correct, but our opinion was not intended to suggest the contrary. After a partial hearing before one judge, a second judge decided the case on the record and agreed facts although no formal stipulation was filed. *On the record*, however, the decision did not involve seriously contested fact questions but rather the legal interpretation of facts. This led the Court to suggest that the case was "decided" (not tried) on stipulated facts. The entire record on appeal was fully considered. Remand was ordered in case there had been later acts of part performance which the parties excusably had not addressed at trial.

Appellees argue that the Court overlooks *Shaffer v. Turner*, 43 Okl. 744, 144 P. 366 (1914) cited in its brief. That case does contain broad language to the effect that "[e]ven if defendant had received no conveyance of any kind, he, having gone into possession, claiming title, and having paid the purchase price, his grantor had no title which she could convey to plaintiff as against defendant . . ." But in *Shaffer* the quoted language is clearly *dicta* since the defendant had, in fact, received an unrecorded deed prior to plaintiff's deed. So the contest in *Shaffer* was between an

unrecorded conveyance of a legal title and a subsequent recorded conveyance of a legal title. Indeed, *Shaffer* has been explained by the Supreme Court as involving a judgment "based on the verdict of a jury which found that the plaintiff therein had actual knowledge of the defendant's claim beyond the lease showed by the record." *Schlegel v. Kinzie*, 158 Okl. 93, 12 P.2d 223 (1932). Again, *Jones v. Sharp*, 183 Okl. 22, 79 P.2d 585 (1938) involved a contest between a prior unrecorded deed in favor of a lessee in possession and a subsequent recorded deed. And in *Wilkinson v. Stone*, 82 Okl. 296, 200 P. 196 (1921) the contest was between a prior unrecorded lease by the lessor of a lessee in possession and a subsequent recorded lease. In those cases the unrecorded conveyance had nevertheless *conveyed* the grantor's title. Here we are asked to hold that the first purchasers were entitled to specific performance of an oral contract by way of a court-ordered conveyance. Not being entitled to this under the past performance doctrine title remained in the grantor.

The same language has been quoted in *McCormick v. Stonebraker*, 133 Okl. 34, 270 P. 1098 (1928). There the Court dealt with the effect of a contract not signed by all grantors. The case involved the application of Arkansas law since it involved land in the Indian Territory under Arkansas law. The Court did cite *Shaffer* including the above-quoted language. But in *McCormick* the Court relied on Arkansas law to the effect that possession, past payment and permanent improvements under an oral contract was sufficient past performance to take the case out of the Statute of Frauds. See *McCormick* at 1101. In that factual context, the quotation of *dicta* from *Shaffer* added nothing to the rationale and constituted *dicta* there as well.

We find this case law distinguishable and consistent with our opinion. The issue was not whether the subsequent purchasers took with notice. They clearly did. The issue is what was the prior possession notice of. The interest of the first purchasers was limited to their equitable right to compel the grantor to specifically convey title as a result of the oral transaction. Under the applicable law, including cases cited herein, an equitable title to specific performance under an oral contract to convey real property will only be ordered where there has been such part performance as described in our opinion in pursuance of the oral agreement. Only when the part performance is in reliance on the oral agreement is there a need for equity to intervene.

Petition for Rehearing is Denied.

All Judges concur.