## FULKERSON et al. v. MARA.

No. 8544—Opinion Filed April 2, 1918.

Rehearing Denied May 28, 1918. On Motion for Leave to File Second Petition for Rehearing, July 23, 1918.

(173 Pac. 811.)

(Syllabus.)

1. **Frauds, Statute of—Specific Performance —Oral Contract for Sale of Realty—Part Performance.**

An oral contract for the purchase of real estate, where part payment of the purchase price has been made, and the vendee goes into possession of said property in good faith and makes valuable improvements thereon, takes the contract out of the statute of frauds, and is such a part performance of contract as to warrant a court in decreeing specific performance of the contract.

2. **Specific Performance—Decree—Evidence.**

Where M. buys town lots of F., pays part consideration, and goes into the possession

thereof, and makes improvements thereon, and F. in violation of his contract forceably retakes possession of same, and M. brings suit for specific performance, and upon the trial of the cause to the court, the court having found "that there was no particular time specified in the contract when the balance of the purchase price was to be paid, and deed delivered, and that there was not sufficient laches on the part of M. to prevent him from having a specific performance of the contract," and decrees a specific performance of said contract, the evidence examined, and found to reasonably support the finding and judgment of the court.

(Syllabus by West. C.)

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action for specific performance by Dan Mara against Harley Fulkerson and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Burke & Harrison and Fred A. Wagoner, for plaintiffs in error.

Chas. B. Rockwood McDougal, Lytle & Allen, for defendant in error.

Opinion by WEST, C. This action was instituted by defendant in error, plaintiff below, against plaintiff in error, defendant below, to compel the specific performance of a contract and for damages. Plaintiff alleged in substance that he had purchased by oral contract certain lots in the town of Drumright, Okla., for the sum of $550, having paid $100 of the purchase price, and went into possession of the premises, and had made valuable and lasting improvements thereon, and that said defendant in breach of said contract failed and refused to deliver deed to said premises, but had undertaken to avoid and annul said contract, and had unlawfully taken possession of said lots, and by reason thereof plaintiff had suffered damages in the sum of $2,500. Defendant filed a general denial, and pleaded that he had sold said lots for said sum, but that plaintiff had failed and refused to pay the balance of said purchase price, according to said contract, and had by his acts forfeited his right to said lots, and that since said forfeiture he had sold same to defendants Williams and Rudell, who were the owners thereof in good faith.

Upon the issues thus made the same was tried to the court and judgment rendered in favor of plaintiff. Defendant has perfected his appeal, and assigns the following errors:

(1) The court erred in declaring specific performance on behalf of the defendant.

(2) The court erred in his judgment in granting a decree of specific performance for the reason that said judgment was not sustained by the law and evidence.

(3) That the court erred in overruling defendants' motion for new trial.

And in presenting said errors defendant on page 25 of his brief asserts the following proposition, to wit:

"We agree that, though the trial court may have decided this case properly, though upon a wrong theory of the law, that such error in arriving at his conclusion would not constitute reversible error. Therefore we must look at all the facts of the case, and see whether, therefrom, the court erred in decreeing specific performance. If there is error in this case, it is, as to the error assigned: 'That the court erred in giving judgment in favor of plaintiff for specific performance, for the reason the judgment is not supported by the law and the evidence.'

"In the further discussion of this case we lay down two propositions, to wit:

"(1) That the whole transaction comes within the statute of frauds, and therefore specific performance will not lie.

"(2) That the plaintiff breached the contract by failing to carry out his part of the contract, and that by his own fault and negligence, and is, therefore, not entitled to equitable relief."

As to the first proposition we think the undisputed evidence discloses that though this was a verbal contract for the purchase of real estate, that a part of the consideration was paid, and that in pursuance of said contract the plaintiff went into possession of the property, and made improvements thereon. Applying this state of facts to the rule, which has often been announced in this jurisdiction, to the effect that part payment and taking possession in good faith, or taking possession with the knowledge of the vendor, and making valuable improvements, constitutes, sufficient part performance as will warrant a court in decreeing specific performance of the contract, and takes the contract out of the statute of frauds. Sutherland v. Taintor, 17 Okla. 427, 87 Pac. 900; Halsell v. Renfrow, 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286; Purcell v. Corder, 33 Okla. 68, 124 Pac. 457; Collins v. Lackey, 31 Okla. 776, 123 Pac. 1118, 40 L. R. A. (N. S.) 883, Ann. Cas. 1913E, 507.

Upon the second proposition it is contended that plaintiff breached the contract by failing to carry out the same, and by his own fault and negligence is therefore not entitled to equitable relief. It appears from the evidence that this verbal contract was

made on the 4th day of November, 1914, and that some two weeks thereafter plaintiff paid $100 of the purchase price, and something like six weeks or more afterwards, when the defendant had moved some temporary buildings off of said lots, plaintiff went into possession and moved other buildings thereon and rented said buildings, and that said lots were in his possession at the time defendant undertook to forcibly retake possession of the same, and sell them. The court in reviewing the evidence made a number of findings of fact, some of which were irrelevant, but on the whole case found in favor of the plaintiff. He found that there was no particular time that the balance of the purchase price was to be paid and the deed delivered, and found, among other things, the following:

"There not being sufficient laches on the part of the plaintiff as to prevent him from having specific performance, and there being no innocent purchasers purchasing from said defendant, the plaintiff is entitled to specific performance of the contract upon the payment of the balance of the purchase money."

Upon consideration of all the evidence introduced upon the trial of the cause in the court below, we think there was competent evidence to support the findings and judgment; there was evidence reasonably tending to support the judgment of the court, there was evidence to the effect that plaintiff's possession was in pursuance of the contract, that he paid a part of the consideration, that the possession was with the consent and knowledge of the defendant, and that the contract of purchase fixed no date when the balance of the purchase price should be paid and deed executed and delivered. It further appears from the evidence that the dealings between the parties hereto were rather loose and conducted in a slipshod manner; that plaintiff had purchased other lots from the defendant which he had paid for, but did not receive a deed for a long time after payment. The court found:

"There not being sufficient laches on the part of the plaintiff as to prevent him from having specific performance, and there being no innocent purchasers purchasing from said defendant, the plaintiff is entitled to specific performance of the contract upon the payment of the balance of the purchase money."

Taking all the evidence that tends to prove the plaintiff's case, and all inferences and conclusions which may be reasonably drawn therefrom, we think that such evidence is amply sufficient to support the judgment. In case of Reid v. Mix, 63 Kan. 745, 66 Pac.

1021, 55 L. R. A. 706, the Supreme Court of Kansas lays down the following rule:

"Whether specific performance of the terms of a mutual contract shall or shall not be decreed, under all the facts and circumstances which go to make up the equities between the parties, rests largely in the sound discretion of the court. One seeking to rescind a mutual contract, of which time is not the essence, on the ground of delay by the other party in complying with its terms, must show either such willful and intentional delay as will evince the intention of the party delaying to treat the contract at an end, or that the delay has caused such damages as will render a decree of specific performance inequitable and unjust."

As was said by defendants in their brief:

"Specific performance is not an absolute right; it is a right resting on judicial discretion of the court to be exercised in accordance with the principles of equity. That being so, each case as it arises must be tested by the principles of equity applied to the particular facts of the case."

This rule announced by defendants in their brief we believe to be a good concrete statement of the law, and applying the evidence as disclosed by the record to this rule, we are of the opinion that the judgment of the court was proper and just, and therefore should be affirmed.

By the Court: It is so ordered.

On Motion for Leave to File Second Petition for Rehearing.

PER CURIAM. Counsel urge as the principal reason for the consideration of the second petition for rehearing that it appears the Commissioner, in affirming the judgment of the lower court in this action, invoked a rule not applicable to this class of action. Exception is taken to the language of the Commissioner, where it was said:

"We are of the opinion that the findings of the court should be considered as a whole, and should be given the same force and effect as a verdict of the jury. There was evidence reasonably tending to support the judgment of the court."

The action was one for specific performance, and the rule of this court is well settled that in actions of purely equitable cognizance this court will consider all the evidence of record, and, when the judgment of the trial court is clearly against the weight of the evidence, will set aside the judgment of the lower court and render such judgment as should have been rendered. The Commissioner was, perhaps, unfortunate in the use of the language quoted, but from our examination of the record we find that the

judgment of the lower court is not against the weight of the evidence, but, on the contrary, is supported by the evidence; therefore the Commissioner reached the correct conclusion under the settled rule applicable to such actions.

The judgment affirming the case is adhered to, and the motion for leave to file second petition for rehearing is denied.