FULP v. SILL MFG. CO. (two cases).

No. 12982—Opinion Filed March 25, 1924.

(Syllabus.)

**Specific Performance—Oral Contract for Conveyance of Land—Part Performance and Improvements.**

An oral contract for the conveyance of real estate will be enforced by a decree for specific performance where a part of the purchase price has been paid, where a vendee has gone into possession of the premises with the consent of the vendor and made lasting and valuable improvements thereon, thereby rendering a return of the original position of the parties unjust or impracticable.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Sill Manufacturing Company, a corporation, against J. T. Fulp, to recover possession of certain real estate. Judgment for plaintiff; defendant brings error. Affirmed, with directions.

Gasper Edwards and J. Will Laws, for plaintiff in error.

C. H. Parrick, H. A. Wilkinson, and Roscoe Bell, for defendant in error.

WARREN, J. This is an appeal from the district court of Oklahoma county, wherein two suits, one for specific performance of a contract to convey real estate and one in appeal from the judgment of the justice of the peace in unlawful detainer, are involved. These suits affected the same property and the same parties and were consolidated in the trial court. All rights in the latter action were merged in the former. No testimony was introduced with reference to the unlawful detainer action and on that account the right to specific performance only will be noticed in the decision.

Sill Manufacturing Company sued J. T. Fulp for specific performance of an oral contract to convey real estate, alleging part performance in that part of the consideration, being 2,000 shares of the capital stock of the Sill Manufacturing Company of the value of $1 per share, was delivered to Fulp, possession of the property was taken by the Sill Manufacturing Company with the consent of the vendor, and that lasting and valuable improvements to the value of $981.93 were made thereon by the plaintiff. Defendant answered with allegations amounting to a general denial. Parties will be referred to as they appeared in the trial court.

The trial court rendered judgment for the plaintiff, ordering the defendant to execute a deed to the plaintiff within 10 days and providing that on his failure so to do the judgment of the court should have the same operation and effect as such conveyance.

The testimony as to the contract to convey consisted of several witnesses supported by corroborating circumstances. The adverse testimony was the almost unsupported testimony of the defendant. As to the possession and improvements, there is little difference as to the possession and none as to the improvements.

This court has held, in a long line of decisions, that a payment or part payment of the consideration, accompanied by the taking of the possession of the premises with the

consent of the vendor and the making of lasting and valuable improvements, will take such a case out of the provisions of the statute of frauds and entitle the vendee to specific performance. Halsell v. Renfrow, 14 Okla. 674, 78 Pac. 118; Levy v. Yarbrough, 41 Okla. 16, 136 Pac. 1120; Fulkerson v. Mara, 68 Okla. 272, 173 Pac. 811; Woodworth v. Franklin, 85 Okla. 27, 204 Pac. 452; Boese v. Childress et al., 83 Okla. 60, 200 Pac. 997.

Inasmuch as only part of the consideration for the transfer had been delivered to the defendant, the plaintiff tendering the balance of the 2,000 shares of the stock in the corporation, the judgment of the trial court should provide, as condition to the delivery of the deed, the delivery to the defendant of the balance of the stock. The judgment of the trial court will be affirmed, with directions to modify such judgment so as to provide for the delivery to the defendant of the balance of the consideration on the execution and delivery of the deed, or to require the plaintiff to deposit such shares of stock with the court clerk for the defendant, and thereupon to decree the title of the real estate in the plaintiff.

JOHNSON, C. J., and NICHOLSON, HARRISON, MASON, and LYDICK, JJ., concur.