## DUNCAN v. KELLEY.

No. 13791—Opinion Filed Sept. 30, 1924.

**1. Indians—Frauds, Statute Of—Executed Oral Contract to Sell Unrestricted Land —Validity.**

An oral contract to sell real estate, where the price is agreed on and the purchaser paid part of the purchase price and goes into possession and remains in possession for two or three years and in the meantime makes payments on the premises until there is only a small amount due, is not in violation of the Act of May 27, 1908, nor is it within the statutes of frauds, but is an enforceable contract.

**2. Same—Sufficiency of Pleading.**

In this case, Felix G. Duncan and his brother, D. W. C. Duncan, entered into a contract whereby Felix G. Duncan agreed with D. W. C. Duncan, his brother, to sell him the land involved in this suit for $1,000 and D. W. C. Duncan paid him $100 at the time of the making of the contract, which was in May or June, 1919, and the purchaser entered into possession and continued in possession, and continued making the payments on the land from time to time until he had paid all of the purchase price except about $230, and about two years after this contract was made, Felix G. Duncan sold the land to Emma B. Kelley, who knew that D. W. C. Duncan was in possession and had been for two or three years, and knew of the contract between him and his brother, and after getting her deed to the land, she commenced this suit in ejectment against D. W. C. Duncan. Duncan set up the agreement with him and his brother Felix and alleged that he had been in possession for two or three years under his contract and had been making payments on the land during all of that time, and a demurrer was interposed to his answer and sustained by the court. Held, that the court erred in sustaining said demurrer.

**3. Champerty and Maintenance—Invalidity of Deed.**

By reason of section 2260, Rev. Laws 1910, a deed conveying real estate, executed by a grantor at a time when he was not in possession of the conveyed premises, or he or those by whom he claims has not been in possession, nor taking the rents and profits for a period of one year before such conveyance, is void as between the grantee and a person who was, at the time of the conveyance, in adverse possession of the conveyed premises.

Commissiouers' Opinion, Division No. 1.

Error from District Court, Adair County; J. H. Jarman, Judge.

Action by Emma B. Kelley against D. W. C. Duncan in ejectment for possession and damage of real estate. Judgment for plaintiff, and defendant appeals. Reversed.

E. B. Arnold, for plaintiff in error.

W. L. Chase, for defendant in error.

Opinion by MAXEY, C. This is an action in ejectment brought by Emma B. Kelley against D. W. C. Duncan to recover the possession of the southeast quarter of the southeast quarter of the northwest quarter, less .96 acres occupied by the right of way of the Kansas City Southern Railway Company, of section 26, township 17 north, range 25 east, containing 9.04 acres, more or less, in Adair county, Okla. The plaintiff deraigns her title through a deed from the Cherokee Nation executed by the principal chief on the 5th day of December, 1906, and approved by the Secretary of the Interior, May 19, 1907, and through an order for the removal of restriction made by the Secretary of the Interior on the 23rd day of April, 1919. The pertinent part of said order is as follows:

"Now, therefore, I under the Act approved May 27, 1908, and the regulations prescribed thereunder, hereby remove the restrictions from said above described land without conditions concerning terms of sale and disposal of the proceeds; said removal of restrictions to be effective thirty days from the date hereof"

—and from a warranty deed executed by Felix G. Duncan, a single man, on the 29th day of October, 1921. The defendant in his answer claims title as follows: That he and the said Felix G. Duncan are brothers, and that in the year 1916 this defendant went into possession of the lands described in plaintiff's petition, and that this defendant erected valuable improvements on said land to the amount and extent of $500; that said improvements were erected and placed thereon with the knowledge and consent of the said Felix G. Duncan, and with the understanding that when the restrictions should be removed from said lands that he and the said Felix G. Duncan would enter into a binding contract for the sale of said lands, and that after the removal of his restrictions, to wit; on or about May or June, 1919, this defendant and the said Felix G. Duncan entered into a contract, which was oral, whereby the said Felix G. Duncan was to sell and convey said lands to this defendant for the consideration of $1,000, and the said Felix G. Duncan then and there delivered possession of the said premises to this defendant, and that he has ever since said date been in the actual and peaceable possession of said premises, and was in possession of same at the time of the execution of the purported deed from the said Felix G. Duncan to the plaintiff herein, and that after said contract last above mentioned he erected other valuable improvements on said land to the amount of $100. Defendant further alleges that he paid to the said Felix G. Duncan upon the purchase price of said lands the sum of $216.70, and at that time became obligated to the First National Bank of Stillwell, Okla. in the sum of $560, which money was received and used by the said Felix G. Duncan and was intended to apply upon the purchase price of said lands, and at the time of the execution of the purported deed to the plaintiff herein this defendant was only indebted to the said Felix G. Duncan in the sum of $230, the balance due upon the purchase price. He further alleges that with the knowledge of all these facts and with the full knowledge of the fact that this defendant was in the actual and peaceable possession of said lands the plaintiff herein attempted to acquire title to same. To this answer the plaintiff interposed a general demurrer which demurrer was sustained by the court, and after unsuccessful motion for a new trial the defendant has appealed to this court.

It is the contention of plaintiff in error, defendant below, that under the allegation of said answer, said demurrer should have been overruled, because the defendant was in possession of the lands in question at the time plaintiff took her deed from said Felix G. Duncan, and had been for more than one year prior to the execution of the deed by Felix G. Duncan to D. W. C. Duncan, and that, the defendant having taken possession of said land under an oral agreement to purchase the same and paid part of the consideration and made valuable improvements thereon, the taking of possession of said real estate and making valuable improvements and the payment of part of the purchase price takes the case out of the statute of frauds; that full payment of the balance of the purchase price entitles the defendant to specific performance. Citing Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Adams v. White, 40 Okla. 535, 139 Pac. 514; Shaffer v. Turner, 43 Okla. 744, 144 Pac. 366; Fulkerson et al v. Mara, 68 Okla. 272, 173 Pac. 811; Bowker v. Linton et al., 69 Okla. 280, 172 Pac. 442; Wolverine Oil Company v. Parker, 79 Okla. 318, 193 Pac. 624;

Foley v. Brown, 85 Okla. 1, 204 Pac. 267. All of these cases support the contention of the plaintiff in error, and we shall not quote from all of them, but in the case of Fulkerson et al. v. Mara, supra, the first paragraph of the syllabus by the court is sufficient to show its application to the case under consideration. It is as follows:

"An oral contract for the purchase of real estate, where part payment of the purchase price has been made, and the vendee goes into possession of said property in good faith and makes valuable improvements thereon, takes the contract out of the statute of frauds, and is such a part performance of contract as to warrant a court in decreeing specific performance of the contract."

The case of Foley v. Brown, supra, is a very recent case and very much in point, and we quote the first and second paragraphs of the syllabus:

"The possession of real property carries with it the presumption of ownership, and it is the duty of one purchasing such property from others than those in possession to ascertain the extent of the claims of those in possession; and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein.

"By reason of section 2260, Rev. Laws 1910, a deed conveying real estate, executed by a grantor at a time when he was not in possession of the conveyed premises, or he or those by whom he claims has not been in possession, nor taking the rents and profits for a period of one year before such conveyance, is void as between the grantee and a person who was, at the time of the conveyance, in adverse possession of the conveyed premises."

In the case last cited, the court, after stating the contention of plaintiff in error, says:

"We cannot agree with this contention. An abstract of title is merely a memorandum or a concise statement of the conveyances and incumbrances appearing of record and affecting the title to real property, and its object is to enable the purchaser or his counsel to pass readily upon the validity of the title in question as shown by the records, but, regardless of what is shown by an abstract or the public records, a purchaser of real estate is charged with notice of the rights of persons in actual possession thereof. Brown v. Trent. 36 Okla. 239, 128 Pac. 895. The possession of real estate carries with it the presumption of ownership, and it is the duty of a person purchasing such property from one not in possession to ascertain the extent of the claims of those in possession, as the open actual possession of such property gives notice to the world of just such interest as the possessor has therein," citing cases.

In this case, if the allegations of the answer are true, and they are admitted to be true for the purposes of demurrer, then we must hold that the answer is sufficient. The answer alleges that after the removal of the restrictions that the defendant entered into a contract with Felix G. Duncan, the owner of the land, and they agreed on a price, that he paid a part of the purchase money, and went into possession under such agreement, and that the plaintiff, Kelley, knew of his possession, and knew of the contract between him and Duncan, but the plaintiff claims that the defendant having gone into possession prior to the removal of the restrictions with the understanding that when the restrictions were removed the allottee would make him a deed to same, the same was a violation of the terms of the Act of May 27, 1908, but the defendant alleges that after the restrictions were removed and become effective, he and Duncan, the allottee, entered into a new and more definite arrangement, and that he went into possession under that agreement and paid most of the consideration, and made valuable improvements on the land. We think that this was not a violation of the Act of May 27, 1908, and that it is not in violation of the statute of frauds.

There is another reason why the demurrer should be overruled, and that is section 1679, Comp, Stat. 1921, which is as follows:

"Any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise, or covenant made, is guilty of a misdemeanor. Provided, however, that the provision of this section shall not be construed to be a restriction or limitation upon the sale of Indian Lands by the allottees or the heirs of such allottees of their inherited interest in said lands."

We are, therefore, of the opinion that the court erred in sustaining the demurrer to the answer, and that the case should be reversed and remanded to the trial court, with instruction to overrule the demurrer and proceed in accordance with the views herein expressed.

By the Court: It is so ordered.