868;' 31 L. R. A. (N. S.) 783; 34 L. R. A. (N. S.) 737; 24 R. C. L. p. 187; 3 R. C. L. Supp. p. 1364; 4 R. C. L. Supp. p. 1531; 5 R. C. L. Supp. p.1276 . (2) 35 Cyc. p. 434. (3) 4 C. J. p. 1129, §3122.

## LINDSEY v. HAMIL et al.

No. 17278—Opinion Filed Oct. 12, 1926.

**Landlord and Tenant—Tenant at Will—Statutory Notice by Tenant to Terminate Tenancy.**

·A tenant holding real property under a month to month rental contract is required by section 7344, C. O. S. 1921, to give the same notice as thereby required from a landlord, in order to terminate the tenancy.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from Common Pleas Court, Tulsa County; Gerald F. O'Brien, Judge.

Action by Stella May Hamil and Alice D. Jones against N. A. Lindsey. Judgment for plaintiffs, and defendant appeals.. Affirmed.

John Rogers, for plaintiff in error.

Chas. L. Yancey, Henry L. Fist, and W. Y. Mauzy, for defendants in error.

Opinion by ESTES, C. Defendants in error Stella May Hamil and Alice D. Jones had judgment in the common pleas court of Tulsa county against N. A. Lindsey, plaintiff in error, for $65 for house rent for the month of July, 1925. Parties will be referred to as they appeared in the trial court. The facts are undisputed. Defendant was a tenant at will of plaintiffs, having paid them rent monthly to July 1, 1925, for nearly two years on an apartment. On June 12, 1925, defendant claims he notified plaintiffs, through their agent, that he would vacate the apartment on July 1st. At no time did he give a written notice to terminate the tenancy, and, claims only to have given such oral notice of about 18 days. Defendant does not claim that plaintiffs waived the written notice in any manner except under some printed rules which were posted by plaintiffs in the apartment. These rules provide: "Should you desire to vacate, we require 30 days' notice from date your rent is due." The only assignments of error are under the proposition that the said verbal notice was a substantial compliance with the statutes and that plaintiffs, by said rules, waived statutory written notice.

Section 7344, C. O. S. 1921, provides:

"Thirty days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, or from one period to another, of three months or less," etc.

The manifest intention and purpose of said statute are clearly shown by the language employed. A tenancy existed at will or from month to month. Under the statute either party could terminate such tenancy by said written notice. We held in Moulton v. Garrison, 66 Okla. 327, 169 Pac. 896, that a tenant holding real property under month to month rental contract is entitled to written notice of 30 days, of the intention of the landlord to increase the rent or terminate the tenancy. Manifestly, in order for a tenant to terminate tenancy by notice he also is required to comply with said statute. Whether a different notice or rule for terminating tenancy should be applied to a tenant than that applied to a landlord, is a matter of legislative policy. Under our triune system of government, the Legislature having provided by statute, plain and unambiguous, and therefore not subject to judicial construction, that a tenant shall terminate the tenancy by the same written notice provided for the landlord, this court, under the undisputed facts, cannot relieve defendant from complying with said statute, without impinging upon the legislative function. Clearly, an 18 days' verbal notice in this case is not a substantial compliance with the statute. It is also manifest that plaintiffs did not waive the written notice by a rule which simply reiterates the statute as to the notice. Whether plaintiffs, by said rules, could waive the statutory provision for the 30 days' notice to be in writing, or waive it at all by such rules, is not before us, for that the oral notice was for only 18 days. Nor is it contended that the plaintiffs were able to let said apartment for said month of July. Clearly, the tenancy was not terminated on July 1st.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See 35 C. J. p. 1116, §327; p. 1117, §328; 16 R. C. L. pp. 1172, 1173.

## BOWEN v. THOMPSON et al.

No. 16803—Opinion Filed Oct. 12, 1926.

**1. Taxation—Tax Deed Void for Failure to Give Notice.**

A tax deed issued to the holder of a certificate of purchase at a tax sale of real es-

tate is void where the written notice, as provided by statute, is not served upon the owner of the land in the county where such sale took place, and upon one in possession where same is occupied.

## 2. Champerty and Maintenance — Deed by One not in' Possession not Void as to Per'son not in Adverse Possession.

Under section 2215, Comp. Stat. 1909, providing that a deed conveying real estate, executed by a grantor at the time when he was not in possession of the conveyed premises, is void as between the grantee and a person who was at the time of the conveyance in adverse posssession of the conveyed premises, such deed is not void where no one was in such adverse possession, or the one in adverse possession does not question such deed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Action by S. Russell Bowen against W. J. Thompson et al. to quiet title. Judgment for defendants, and plaintiff appeals. Affirmed.

Green & Pruett, for plaintiff in error.

Bowling & Farmer, Bridges & Vertrees, and Anderson & Anderson, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff, Bowen, sued defendants to quiet title to a certain parcel of real estate, basing action upon a purported tax deed. The taxes for 1915, became delinquent and a certificate was issued in 1916, to one Welcome, who assigned same to one Keyser. In 1922 Keyser applied for and procured a tax deed, and thereafter conveyed the real estate to the plaintiff, Bowen, Geo. W. James,a Choctaw Indian, was the allottee of the realty prior to October 10, 1908. On said date certain persons representing that said allottee was dead, and that they were his sole and only heirs, conveyed the real estate in controversy to one Copeland, who thereafter mortgaged same to plaintiff, Bowen, who thereafter purchased the land at sheriff's sale on foreclosure of his mortgage. These transactions occurred prior to 1915 when said taxes became delinquent. Said allottee had not departed this life, and on November 18, 1910, conveyed the parcel of land to defendant Thompson and one McConahey; the latter having died, defendant Alice McConahey succeeded in interest, as his sole devisee. The court found that said tax deed relied upon by plaintiff was invalid, and rendered judgment for defendants, from which plaintiff appeals.

1. The first error assigned is the holding such deed invalid. The statutes then provided that the holder of a certificate of purchase issued at tax sale, in order to be entitled to a tax deed, should cause a written notice signed by himself to be served upon the owner of the land and also upon the person in possession, if the same be occupied, reciting certain required matters. This notice was served upon Bowen, but not served upon Thompson and McConahey, or any one in possession. Manifestly, the sheriff's deed on foreclosure, by which Bowen claimed title, was absolutely void, for that Copeland, the mortgagor, had no title whatever from said pretended heirs of the allottee. It is not contended that the deed dated November 18, 1910, from the allottee to defendants was invalid. It is alleged that the same was duly recorded, and stated in the brief, and not denied by plaintiff, that same was recorded prior to the time notice was given for obtaining the tax deed. It is well settled that the notice upon the owner required by said statute is jurisdictional, and the failure to give the same renders the tax deed absolutely void. Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666. Plaintiff also contends that one Brummett had been in possession of and occupied this land for more than 15 years. No notice was served upon him. Several grounds are argued why this tax deed is void, but the foregoing is sufficient.

2. It is next contended that the judgment was erroneous for that the deed from the allottee to the defendants was void under the champerty statute. In Miller v. Fryer, 35 Okla. 145, 128 Pac. 713, this court held that by reason of such champerty statute, a deed conveying real estate, executed by a grantor at a time when 'he was not in possession of the conveyed premises, is void as between the grantee and a person who was, at the time of the conveyance, in adverse possession of the conveyed premises. This assignment of error is wholly without merit for the reason that there is no evidence that plaintiff, Bowen, or his grantors were in adverse possession of the real estate, on or prior to the date of said deed. No one so in adverse possession is here so contending. Duncan v. Kelley, 103 Okla. 74, 229 Pac. 425.

3. The third and last assignment is that the judgment is erroneous because Bowen and his grantors had been in possession of the land since 1908, in such manner as to acquire title by prescription under the 15

years' statute of limitations. The evidence on behalf of Bowen is a conclusion of one witness that he had been in possession for said time. However, one Brummett testified on behalf of defendants, and his testimony is uncontradicted, that he had resided in the vicinity of this parcel of land for 40 years; that the same had at all times been a part of a large pasture used by him; that he did not know who claimed this parcel of land from about 1908 to about 1917, at which time he rented it through an agent from some one in New York, whose name he did not remember, he having used the same and not having claimed to own it. The judgment in this behalf is not clearly against the weight of the evidence.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. pp. 1423, 1425. (2) 11 C. J. p. 257, §47; p. 278, §123.